**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CASE NO.: 8:26-cv-03037**

DAVID GORDON OPPENHEIMER,

Plaintiff,

v.

REHAB MEDIA GROUP LLC,

Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT AND VIOLATIONS OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff DAVID GORDON OPPENHEIMER by and through his undersigned counsel, brings this Complaint against Defendant REHAB MEDIA GROUP LLC for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff DAVID GORDON OPPENHEIMER ("Oppenheimer") brings this action for infringement of his exclusive rights under the Copyright Act, including 17 U.S.C. § 106, arising from the unauthorized reproduction, distribution, and public display of his original copyright-protected Works, and for violations of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1202, based upon the removal and/or alteration of Oppenheimer's copyright management information

("CMI") and the distribution of copies of the Works knowing that Oppenheimer's CMI had been removed or altered.

2. Oppenheimer is an independent travel, aerial, and concert photographer, who operates Performance Impressions LLC, as the primary outlet to sell prints of his works in addition to commercial licensing. Oppenheimer has a large archive of aerial and concert photography with over 500 galleries of photos from concerts, music festivals, travel, landmarks, and aerial photographs of major cities, rural, and mountain landscapes across the United States. His works have been featured by National Geographic, Rolling Stone, NBC, Goldman Sachs, HBO Sports, and displayed at the Museum of the City of New York.

3. Defendant REHAB MEDIA GROUP LLC ("Rehab Media") is a digital media and marketing company focused on the addiction treatment and behavioral health industry. The company develops online resources, treatment directories, educational content, and patient-acquisition platforms designed to connect individuals seeking addiction treatment with rehabilitation providers across the United States. Among its online properties are Addictions.com and Rehabs.org, two nationwide addiction-treatment information websites. Addictions.com provides medically reviewed educational content, addiction and mental health resources, and a comprehensive directory of treatment facilities. Rehabs.org operates as an online directory of addiction treatment providers, offering searchable listings of rehabilitation facilities, treatment information, and recovery resources for individuals seeking substance abuse and mental health services. The site also serves as a lead-

generation and referral platform for treatment providers. At all times relevant herein, Rehab Media owned and operated the websites located at www.addictions.com and www.rehabs.org (collectively, the "Defendant Websites").

4. Oppenheimer alleges that Rehab Media reproduced Oppenheimer's copyright-protected Works in order to advertise, market, and promote its business activities. Rehab Media committed the violations alleged herein in connection with its business and for purposes of advertising, marketing, and promoting its commercial services.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, including 17 U.S.C. § 501, and the Digital Millennium Copyright Act, including 17 U.S.C. § 1202.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Rehab Media is subject to personal jurisdiction in Florida.

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Rehab Media engaged in infringement in this district, Rehab Media resides in this district, and Rehab Media is subject to personal jurisdiction in this district.

## DEFENDANT

9. Rehab Media Group LLC, is a Delaware limited liability company registered to do business in Florida, with its principal address at 7901 4th Street

North, Suite 300, St. Petersburg, Florida 33702, and may be served through its registered agent, Registered Agents Inc., at the same address.

## THE COPYRIGHT-PROTECTED WORKS AT ISSUE

10. In 2018, Oppenheimer chartered a piloted helicopter with its rear doors removed for an aerial photography flight, during which he created the photographs entitled "*Ritz-Carlton_Half_Moon_Bay_resort_aerial_2415.jpg*" (the "Ritz-Carlton Work") and "*Santa_Clara_City_Buildings_aerial_1034.jpg*" (the "Santa Clara County Work"), which are shown below with their accompanying captions and are referred to collectively herein as the "Works."




The Ritz-Carlton Half Moon Bay resort, golf courses, and hotel at 1 Miramontes Point Road, Half Moon Bay, California aerial – Copyright 2018 David Oppenheimer – Performance Impressions aerial photography archives – www.performanceimpressions.com




Santa Clara County Government Center in San Jose, California aerial view – Copyright 2018 David Oppenheimer – Performance Impressions aerial photography archives – www.performanceimpressions.com

11. Prior to his publication of the Works, Oppenheimer applied CMI and published the Works with multiple forms of CMI, including visible CMI on the Works in the lower-right corners with the words "© 2018 David Oppenheimer", embedded CMI in the metadata, and CMI in the captions accompanying the Works, as shown above.

12. Oppenheimer's Works are protected by copyright but are not otherwise proprietary or trade secrets. The perspective, orientation, positioning, lighting, and other details of the Works are entirely original and creative. As such, the Works qualify as subject matter protectable under the Copyright Act.

13. Oppenheimer registered the Works with the United States Copyright Office on August 26, 2019, as part of a group registration of published photographs assigned registration No. VA 2-169-384 (the "Registration"). The Ritz-Carlton Work is identified on page 2 of the Registration under the contents title "*Ritz-*

*Carlton_Half_Moon_Bay_resort_aerial_2415.jpg*", and the Santa Clara County Work is identified on page 2 of the Registration under the contents title "*Santa_Clara_City_Buildings_aerial_1034.jpg*". The Registration, with the titles for the two Works highlighted, is attached hereto as **Exhibit 1**.

14. Oppenheimer makes his photography available for print sales and commercial licensing through Performance Impressions LLC, including at PerformanceImpressions.com.

15. The Ritz-Carlton Work is displayed on PerformanceImpressions.com at https://performanceimpressions.com/gallery/california-aerial-and-travel-photography-2018-3/the-ritz-carlton-half-moon-bay-aerial-17/, and the Santa Clara County Work is displayed on PerformanceImpressions.com at https://performanceimpressions.com/gallery/california-aerial-and-travel-photography-2018-3/santa-clara-california-aerial-4/. Attached hereto as **Exhibit 2** is a true and correct screenshot of the Ritz-Carlton Work as displayed on PerformanceImpressions.com, and attached hereto as **Exhibit 3** is a true and correct screenshot of the Santa Clara County Work as displayed on PerformanceImpressions.com.

16. At all relevant times Oppenheimer was the owner of the copyright-protected Works.

## INFRINGEMENT BY REHAB MEDIA

17. Rehab Media has never been licensed to use either of the Works for any purpose.

18. After the Works were created and registered, Rehab Media copied and reproduced the Works without Oppenheimer's authorization.

19. Within three years of filing this action, Oppenheimer discovered Rehab Media's unauthorized uses of the Works on the Defendant Websites at the following URLs:

a. https://rehabs.org/centers/california/santa-clara/;

b. https://rehabs.org/wp-content/uploads/2023/05/santa-clara-california-24607.jpg;

c. https://rehabs.org/wp-content/uploads/2023/05/santa-clara-california-24607-696x392.jpg;

d. https://www.addictions.com/rehabs/california/half-moon-bay/; and

e. https://www.addictions.com/wp-content/uploads/2022/11/half-moon-bay-california-drug-alcohol-rehab.jpg.

20. The Ritz-Carlton Work was prominently displayed on Addictions.com in connection with its page titled "Top 15 Alcohol & Drug Rehab Centers in Half Moon Bay, CA & Free Treatment Resources."

21. The Santa Clara County Work was prominently displayed on Rehabs.org in connection with its page titled "Free Alcohol and Drug Rehab Centers in Santa Clara, CA."

22. After Rehab Media copied the Works, it made further copies and distributed the Works on the internet to advertise, market, and promote Rehab Media's commercial business and services.

23. Rehab Media used Oppenheimer's copyright-protected Works in connection with its business and for purposes of advertising, marketing, and promoting Rehab Media's commercial business and services.

24. Rehab Media committed copyright infringement of the Works as evidenced by the documents attached hereto as **Exhibit 4**.

25. Oppenheimer never gave Rehab Media permission or authority to copy, distribute, or display the Works for any purpose.

26. Oppenheimer notified Rehab Media of the allegations set forth herein on January 30, 2025 and February 19, 2025. To date, the parties have failed to resolve this matter.

27. When Rehab Media reproduced, distributed, and displayed the Works, Oppenheimer's visible watermark CMI, embedded metadata CMI, and caption-based CMI were absent from Rehab Media's published versions of the Works. Upon information and belief, Rehab Media removed, altered, cropped, omitted, suppressed, or caused the removal or omission of Oppenheimer's CMI in a manner that concealed, enabled, or facilitated its infringement of Oppenheimer's rights.

28. When Rehab Media copied, distributed, and displayed the Works, it did so using versions from which attribution CMI conveyed in connection with the Works, including Oppenheimer's name and copyright notice, had been omitted.

29. Oppenheimer never gave Rehab Media permission or authority to remove or alter CMI from the Works.

## COUNT I
## DIRECT COPYRIGHT INFRINGEMENT

30. Oppenheimer incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

31. Oppenheimer owns valid copyrights in the Works.

32. Oppenheimer registered the Works with the United States Copyright Office as part of the Registration.

33. Rehab Media reproduced, distributed, and publicly displayed the Works without Oppenheimer's authorization and, in the alternative, to the extent the altered versions of the Works constitute derivative works, prepared derivative works based upon the Works, in violation of 17 U.S.C. § 501.

34. Rehab Media performed the acts alleged in the course and scope of its business activities.

35. Rehab Media's acts were willful.

36. Oppenheimer has suffered damages as a direct and proximate result of Rehab Media's infringement.

37. Oppenheimer has suffered monetary damages, irreparable injury to his business, reputation, and goodwill, harm to the licensing value and market integrity of the Works, and loss of control over the authorized use and attribution of his photography.

38. The harm caused to Oppenheimer has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT

39. Oppenheimer incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

40. Upon information and belief, to the extent any of the infringing acts alleged herein were performed by a third party, that third party reproduced, distributed, and publicly displayed the Works without Oppenheimer's authorization and/or, to the extent the altered versions of the Works constitute derivative works, prepared derivative works based upon the Works.

41. Rehab Media had a direct financial interest in the infringing activity because the Works were used on the Defendant Websites in connection with Rehab Media's commercial business and services.

42. Upon information and belief, Rehab Media had the right and ability to supervise or control any third party who may have otherwise been responsible for the content published on the Defendant Websites, including the ability to prevent or stop that third-party's infringing use of the Works.

43. To the extent the infringing acts described above were performed by a third party, Rehab Media is vicariously liable for the unauthorized reproduction, distribution, and public display of the Works and/or, to the extent the altered versions constitute derivative works, the preparation of derivative works based upon the Works.

44. Oppenheimer has been damaged.

45. The harm caused to Oppenheimer has been irreparable.

**COUNT III**
**VIOLATION OF THE DIGITAL MILLENNIUM COPYRIGHT ACT**
**REMOVAL OR ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION**
**17 U.S.C. § 1202(b)**

46. Oppenheimer incorporates the allegations of paragraphs 1 through 29 of this Complaint as if fully set forth herein.

47. The Works at issue in this case contain multiple forms of CMI, including visible watermark CMI, embedded metadata CMI, and caption-based CMI identifying Oppenheimer as the author and copyright owner of the Works.

48. Each of the Works contained CMI, including a visible copyright notice stating "© 2018 David Oppenheimer," and attribution information identifying Oppenheimer as the author and copyright owner.

49. Rehab Media, without Oppenheimer's authority, intentionally removed or altered, or caused the removal or alteration of, Oppenheimer's CMI from the Works, including by publishing versions of the Works from which Oppenheimer's

visible watermark CMI and attribution CMI had been cropped, removed, or omitted, in violation of 17 U.S.C. § 1202(b)(1).

50. Rehab Media distributed and publicly displayed copies of the Works online, knowing that Oppenheimer’s CMI had been removed or altered without Oppenheimer’s authority, in violation of 17 U.S.C. § 1202(b)(3).

51. Rehab Media committed these acts knowing or having reasonable grounds to know that its conduct would induce, enable, facilitate, or conceal infringements of Oppenheimer's rights in the Works.

52. Upon information and belief, Rehab Media caused, directed, and authorized others to commit these acts knowing or having reasonable grounds to know that such conduct will induce, enable, facilitate, or conceal infringements of Oppenheimer’s rights in the Works under the Copyright Act.

53. Oppenheimer has suffered damages.

54. Oppenheimer has suffered monetary damages, irreparable injury to his business, reputation, goodwill, licensing market, and ability to control attribution, licensing, and enforcement of his rights in the Works.

55. The harm caused to Oppenheimer has been irreparable.

WHEREFORE, Plaintiff DAVID GORDON OPPENHEIMER prays for judgment against Defendant REHAB MEDIA GROUP LLC that:

a. Rehab Media and its officers, agents, servants, employees, affiliated entities, and all persons acting in active concert or participation with them be preliminarily and permanently enjoined, pursuant to 17 U.S.C. §

502(a), from infringing Oppenheimer's copyrights in the Works, and pursuant to 17 U.S.C. § 1203(b)(1), from violating 17 U.S.C. §§ 1202(b)(1) and 1202(b)(3) with respect to the Works;

b. Rehab Media be required to pay Oppenheimer his actual damages and Defendant's profits attributable to the copyright infringements or, at Oppenheimer's election, statutory damages for each infringed Work pursuant to 17 U.S.C. § 504, and damages for each violation of 17 U.S.C. §§ 1202(b)(1) and 1202(b)(3), including statutory damages pursuant to 17 U.S.C. § 1203(c);

c. Oppenheimer be awarded his costs and reasonable attorneys' fees as authorized by 17 U.S.C. §§ 505 and 1203(b)(4)–(5);

d. Oppenheimer be awarded pre- and post-judgment interest; and

e. Oppenheimer be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Oppenheimer hereby demands a trial by jury of all issues so triable.

Dated: October 6, 2026

Respectfully submitted,

*/s/ Sanje V. Lara*
SANJE V. LARA
Bar Number: 1031680
sanje.lara@sriplaw.com
JOEL B. ROTHMAN
Bar Number: 98220
joel.rothman@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 212
Boca Raton, FL 33433
561.404.4350 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff David Gordon Oppenheimer*